## MARION COUNTY v. BONDS.

### Opinion delivered January 21, 1907

COUNTY—LIABILITY FOR EXPENSES OF SMALLPOX CASES.—Kirby's Digest, § 1457, regulating claims against counties for nursing persons afflicted with smallpox, provides "that no person shall be allowed a greater sum for services rendered * * * under the provisions of this act than is customary for such services in other cases." *Held,* that the county court could allow such amount for services performed in smallpox cases as would be reasonable for similar services in other cases.

Appeal from Marion Circuit Court; *Elbridge G. Mitchell,* Judge; affirmed.

Appellee Ritter filed an account against Marion County "for waiting on and nursing smallpox patients at J. D. Hardy's under direction of board of health, ten days at $5 per day, from April 24, to May 5, 1906," total $50.

Appellee Bonds filed an account "for waiting on and nursing the family of Chas. Covington, under the direction of board of health, while afflicted with smallpox, for twenty-six days at $5 per day, total $130; also for assisting in burial of three persons who died of smallpox, $25. The county court allowed Ritter's account for $25.71 and Bonds' for $150. Both appealed to the circuit court.

The causes were by consent tried together before the circuit court sitting as a jury. The testimony to sustain the judgment in favor of appellee Bonds was, that he waited upon the family of one Chas. Covington, which was afflicted with smallpox; that he attended them day and night for twenty-six days, and had to do all the work. He not only waited on the sick patients during the time, but did other work at the house and barn. They were a large family. Several of them died. The fever was loathsome. He had no help except as the members of the family would help him as they got well. Two of the members of the medical board agreed to pay $5 per day.

Appellee Ritter nursed two families ten days, and charged $5 per day for his services. He did the same character of work, nursing smallpox patients and doing other work about the premises during the time. Both Bonds and Ritter, in addition to nursing the smallpox patients, did cooking, washing and milking for the families while the affliction was on. The work was heavy. Several witnesses testified that $5 per day was a reasonable charge. Both Bonds and Ritter agreed to do the nursing for $18 per week, but when they saw the character of the work concluded that they should have $5 per day, and put in their claim for that amount. The appellee Ritter says that, if he had been receiving the pay in cash, three dollars a day would have been reasonable, and that he made the charge because

he found the pay would be in scrip, and he had to leave his farm and pay a hand meanwhile seventy-five cents per day to run it.

There was evidence on behalf of appellant to the effect that it was worth about $18 per week to nurse smallpox patients; also that nurses were employed to nurse a lady in Yellville who was afflicted with nervousness at from $7 to $15 per week.

The court refused to declare the law as follows:

"The court declares the law to be that nurses who wait upon smallpox patients are to receive no greater compensation than is granted in other case of fever in the locality where the work is performed, and under this rule of law $18 per week is a reasonable charge to have been made by these two plaintiffs, and the judgment will be for $18 a week for the time that they worked, and each of them worked.

"3. The court declares the law to be that, L. L. Ritter having admitted that his work was worth only three dollars a day, and having admitted that he expected to receive $18 a week for his services, the said L. L. Ritter is estopped to charge any greater sum than three dollars a day, and the judgment will be for him for the time that he worked at three dollars a day."

The court declared the law as follows: "That the plaintiffs were entitled to the value of their services according to the market value for such labor in other fever cases; that is, according to the wages paid for labor generally in like services, and declares that five dollars a day was reasonable wages for the plaintiffs, and declares that they were entitled under the evidence to this sum."

Exceptions were saved to the court's rulings, and this appeal was duly taken.

*G. J. Crump,* for appellant.

1. It was error to permit appellees to direct their testimony solely to the reasonable cost of nursing smallpox cases. The test is, What was the reasonable charge for nursing other fever cases? Kirby's Digest, § § 1455-7.

2. If the finding of the trial court is so obviously against the weight of the evidence as to be palpably unjust, this court will reverse. 26 Ark. 371.

3. Ritter, having admitted that $3 per day was all his services were worth, can not be permitted to recover more.

*W. S. Chastain,* for appellees.

1. The appeal should be dismissed. A county can appeal only by the county judge or some citizen and taxpayer. Kirby's Digest, § 1493; 60 Ark. 516; 5 Enc. Pl. & Pr. 300, 301.

2. If it is held that the record discloses sufficient facts to give this court jurisdiction, then the judgment below should be affirmed because the bill of exceptions reveals no reversible error. No exception to evidence or law as declared by the court is properly saved. The court having tried the case sitting as a jury, appellant, having failed to ask for a declaration of facts, can not now complain. The findings of a court sitting as a a jury upon an issue of fact are conclusive.

3. The evidence was amply sufficient to sustain the findings and judgment.

Wood, J., (after stating the facts.) Section 1455, Kirby's Digest, provides that it shall be lawful for the county court to allow accounts incurred by any person in preventing the spread of, and in nursing and caring for persons in their respective counties who have not been afflicted with, smallpox.

Section 1456 provides for the method of stating and presenting the account.

Section 1457 provides, among other things, "that no person shall be allowed a greater sum for services rendered * * * under the provisions of this act than is customary for such services in other cases." The purpose of the law was to enable county courts to aid in the suppression of smallpox, but at the same time they are prevented, by the last clause quoted *supra,* from making exorbitant allowances for services rendered during the dread and stress of such contagions. They can not allow greater amounts than customary charges for "such services in other cases," *i. e.,* other cases than smallpox.

The court correctly declared the law. The appellees made out their cases by proof that the charges made were reasonable for the service they rendered. The proof that they worked night and day, not only nursing the stricken ones but doing the household work besides, was sufficient to sustain the court's finding. The criterion for determining the proper amount is

the value of such services, *i. e.* the service of nursing the sick, doing household duties, etc., made necessary on account of the disease, if *such service or similar service* were performed in other cases than smallpox. The lawmakers intended that no unusual and extravagant charge should be allowed on account of the exigencies produced by the dreadful disease. But in the present cases, even if the amount allowed for nursing, under the proof, would have been unreasonable, the fact that appellees performed in addition customary household duties, made necessary by reason of the contagion, amply sustains the court's finding.

There is nothing in the proof to estop appellee Ritter from claiming the amount that was allowed him. He had made no contract with the county, and the question at last was the value of his services as measured by the rule above announced. Judgment affirmed.